UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-07957 DSF (ADS)                                          Date:  September 3, 2020

Title:  *Elbert Lee Haskins III v. S Montes, et al.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

|  Kristee Hopkins  | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorney(s) Present for Plaintiff(s):  Attorney(s) Present for Defendant(s):
None Present                          None Present

**Proceedings:**   **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

On August 23, 2020, Plaintiff Elbert Lee Haskins, an inmate at Kern Valley State Prison, filed a Civil Rights Complaint under 42 U.S.C. § 1983.  [Dkt. No. 1].  In response to the question, "[i]s the grievance procedure completed?" Plaintiff checked "yes" but then states, "recent to 3rd level waiting response."  [Id. at p. 2].  Based on Plaintiff's statement, it appears the grievance procedure has not been completed.

The Prison Litigation Reform Act requires that "no action shall be brought with respect to prison conditions [under Section 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997(e)(a).  The exhaustion requirement imposed by the PLRA is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001); Porter v. Nussle, 534 U.S. 516, 532 (2002).  All "available" remedies must be exhausted.  Porter, 534 U.S. at 524; see also Booth, 532 U.S. at 739.

Accordingly, all available administrative remedies must be exhausted *prior to* filing suit.  As Plaintiff has indicated, he is awaiting response from the Third Level, which suggests Plaintiff is still in the process of exhausting administrative remedies.  This does not comply with the requirements of the Prison Litigation Reform Act, and this case is subject to dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-07957 DSF (ADS)                                    Date:  September 3, 2020

Title:  *Elbert Lee Haskins III v. S Montes, et al.*

    As such, Plaintiff is hereby **ORDERED TO SHOW CAUSE why this case should not be dismissed for failure to exhaust administrative remedies**. <u>Plaintiff must file a written response by no later than **September 24, 2020**</u>.  Plaintiff may respond to this Order to Show Cause by (a) filing a response that affirmatively states that Plaintiff has fully and completely exhausted all available administrative remedies; or (b) filing a request to voluntarily dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2).

    Plaintiff is expressly warned that failure to timely file a response to this Order to Show Cause may result in a recommendation to the District Judge that this action be dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff is further warned that this case may be subject to dismissal if it is clear that administrative remedies have not been exhausted.

    **IT IS SO ORDERED.**

Initials of Clerk <u>kh</u>